Law Offices
## MARK C. H. MANDELL

Admitted to Practice:
New York, New Jersey
&
Pennsylvania
U.S. Court of Appeals: 2nd, 3rd, 5th, 9th, 11th, & D.C. Cir.
United States Supreme Court
Reply To __New Jersey__ Office

New Jersey: 42 Herman Thau Road
Annandale, NJ 08801
(908)638-4434
Fax (908)638-4432

New York: 3 Park Avenue, 16th Floor
New York, NY 10016
(212)349-0055

October 19, 2015

Lyle W. Cayce
United States Court of Appeals Fifth Circuit
Office Of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408          Via ECF

      Re: Kingdom Fresh Produce, Inc. et. al. v. Delta Marketing et.al.
         Case No. 14-51079/51080
         Response to Rule 28(j) Submission

Dear Mr. Cayce,

  Pursuant to F.R.A.P. Rule 28(j) Appellant/Cross-Appellee, The Stokes Law Office LLP, responds to and opposes Appellee/Cross-Appellant's submission of October 14, 2015 as follows:

  1. The Court is respectfully referred to Point IV of Appellant's Opposition and Reply Brief at pages 27-28 wherein in the mistake of law regarding application of USDA Regulation   7 C.F.R. §46.46(c)(2) is discussed in detail. It appears that the Arkansas Bankruptcy Court has made the same mistake on the issue of waiver of PACA Trust rights by unpaid produce suppliers.

  2. Moreover, the concept is particularly inapplicable to the case now before the Court because the Regulation in issue only speaks to a pre-transaction *total* waiver of <u>beneficiary status </u>under the PACA Statutory Trust by a supplier or its marketing/grower's agent [7 C.F.R. §46.1(q)] representative. <u>The Record in the within action contains no such waiver by any PACA supplier</u>. Even the releases by the PACA-qualified suppliers (refused only by Mr. Keaton's clients) of a small portion of their pro-rata distribution of the collected PACA assets that were used to pay Mr. Stokes for his services to them were not waivers since those suppliers retained their full confirmed status as PACA Trust beneficiaries. They will, as a matter of law, retain such status until and unless they are paid in full. If further assets of the Debtors below are discovered and liquidated, those parties will still be entitled to a pro-rata distribution of the proceeds. They have waived nothing covered by the USDA Regulation in question. The only waiver involved in this

case was Mr. Keaton's clients' waiving their rights to object to Mr. Stokes being paid from the PACA Trust assets he collected for the beneficiaries.

3. Appellee/Cross-Appellant's submission and proffered case authority is irrelevant to the issues involved in the case now before this Court.

Sincerely,

Mark C. H. Mandell
Attorney for Appellant/Cross-Appellee

cc: All parties via ECF